UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEXTSCAPE LLC, a New Jersey Corporation,<br><br>　　　　Plaintiff(s),<br><br>　v.<br><br>ADOBE SYSTEMS INC., a Delaware Corporation,<br><br>　　　　Defendant(s). | No.  C09-4550 BZ<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Defendant and Counterclaimant Adobe Systems Inc. ("Adobe") has moved for summary judgment contending that the claims of U.S. Patent No. 5,930,809 (the "'809 patent") are invalid as anticipated under 35 U.S.C. §§ 102(a) and (b).[1] Adobe also moves for summary judgment that the '809 patent is not entitled to the benefit of any related patent applications filed prior to September 22, 1997, the '809 patent's application date.

---

[1] All parties have consented to my jurisdiction, for all proceedings including entry of final judgment, pursuant to 28 U.S.C. 636(c).

1

Plaintiff and Counterdefendant Textscape LLC ("Textscape") has one employee, Mr. David Middlebrook, who invented a "System and Method for Processing Text" and was awarded the '809 patent. Textscape claims that Adobe Reader versions 6.0, 7.0, 8.0, and 9.0 infringe the '809 patent.[2] Adobe claims that the '809 patent (1) was anticipated by Adobe Reader 1.0, (2) was anticipated by Mr. Middlebrook at the Technology, Reading, and Learning Difficulties Conference in January of 1996 ("the TRLD demo"), more than one year before applying for the '809 patent, and (3) is not entitled to the priority date of either Patent No. 5,713,740 (the "'740 patent") or Patent No. 5,556,282 (the "'282 patent"). Textscape applied for the '740 patent application on June 3, 1996 and for the '282 patent on January 18, 1994.

The dispositive issue in this motion is to which priority date the '809 patent is entitled. If the '809 patent is not entitled to the priority date of the '282 patent, then the claims of the '809 patent are barred as anticipated because of Mr. Middlebrook's public demonstration of the software at the TRLD Conference. At oral argument, plaintiff conceded if the '809 patent application date controls, its claims are invalid as anticipated. Plaintiff solely argues that the priority date of the '282 patent controls.

If the '809 patent is entitled to the filing date of the '282 patent, then the Court must determine whether the Adobe Reader 1.0 anticipated the '809 patent. Plaintiff argues that

---

[2] Claim 1 of the '809 patent is the only independent claim. Claims 2-16 are all dependent on Claim 1.

2

1 Reader 1.0 did not anticipate the '809 patent because it does
2 not include "a plurality of different mapping formats."

## SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides for summary judgment when there is no genuine issue as to any material fact and the court can determine that the party is entitled to a judgment as a matter of law.[3] "A patent shall be presumed valid, and each claim shall be presumed valid independently of the validity of other claims. 35 U.S.C. § 282. The burden is on the party asserting invalidity to prove it with facts supported by clear and convincing evidence." Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc., 796 F.2d 443, 446 (Fed.Cir. 1986).

## PRIORITY DATE

"In order to gain the benefit of the filing date of an earlier application under 35 U.S.C. § 120, each application in the chain leading back to the earlier application must comply with the written description requirement of 35 U.S.C. § 112." Lockwood v. American Airlines, Inc., 107 F.3d 1565, 1571 (Fed. Cir. 1997). To "maintain the continuity of disclosure . . . a prior application itself must describe an invention, and do so in sufficient detail that one skilled in the art can clearly conclude that the inventor invented the claimed invention as of the filing date sought." Id. at 1572-72. "Entitlement to a filing date does not extend to subject matter which is not

---

[3] The parties did not submit a joint statement of undisputed facts as required by my pretrial order. However, the facts in this case do not appear to be in dispute.

1  disclosed, but would be obvious over what is expressly
2  disclosed. It extends only to that which is disclosed." Id.
3      In Ariad Pharmaceuticals, Inc. v. Eli Lilly and Co., the
4  Federal Circuit clarified the written description requirement
5  under § 112. 598 F.3d 1336 (Fed.Cir. 2010). The court stated
6  that "an adequate written description . . . requires more than
7  a generic statement of an invention's boundaries." Id. at
8  1349. "[T]he test for sufficiency [of the description] is
9  whether the disclosure of the application relied upon
10 reasonably conveys to those skilled in the art that the
11 inventor had possession of the claimed subject matter as of
12 the filing date." Id. at 1351. Finally, "while the
13 description requirement does not demand any particular form of
14 disclosure . . . a description that merely renders the
15 invention obvious does not satisfy the requirement." Id. at
16 1352.
17     Here, plaintiff must prove that the written description
18 of the '809 patent is contained in the written description of
19 the '740 patent as well as the '282 patent.[4] After comparing
20 the '809, '740, and '282 patents, I find that the '740 patent
21 did not provide an adequate written description sufficient to
22 entitle the '809 patent to the priority date of the '282
23 patent. In other words, the '809 patent did not cross the
24 bridge to the '282 patent. Therefore, each "application in

---

[4] The court in PowerOasis, Inc. v. T-Mobile USA, Inc. held that in circumstances such as this case, the burden is on the plaintiff to come forward with evidence that it is entitled to the earlier priority date. 522 F.3d 1299, 1305-06 (Fed.Cir. 2008). Plaintiff conceded that it had the burden of proving entitlement to an earlier priority date at the hearing.

4

the chain leading back to the earlier application" did not satisfy the written description requirement. Lockwood, 107 F.3d at 1571.

First, the patent at issue describes the steps that a computer must perform to manage a body of text. Both the '809 and the '282 patent describe the use of Graphical User Interfaces ("GUI") as part of one such step. The '740 patent does not contain any such reference. Plaintiff claims that its disclosure in the '740 patent of the use of "existing computer graphics software and existing software programs to implement the invention" is sufficient. Opposition at 6:27. However, plaintiff concedes that it made an explicit disclosure of the use and implementation of GUIs in both the '809 and '282 patents, but did not do so in the '740 patent. Plaintiff's contention that the use of GUIs is "obvious" to one skilled in the arts runs contrary to the Federal Circuit's holding in Ariad. I find that the reference to existing software does not disclose to one skilled in the art that the inventor had possession of the means to accomplish the claims of the '740 patent using a GUI.

Second, the '809 patent discloses the use of a "text display menu" and a "map box" which are not discussed in the '740 patent.[5] The difference in scope between the '809 and the '740 patents is demonstrated by comparing Figure 1 of the '740 patent with Figure 2 of the '809 patent. See Reply

---

[5] In response to plaintiff's application for the '809 patent, the USPTO noted that "no mention of a map box was found in either of the parent applications . . . ." Oliver Decl. Ex. 11 p. 3.

1 | p. 3-4. Figure 2 contains several graphical representations
2 | as to how the text in a particular document would be
3 | displayed, manipulable, and mapped. Further, Figure 2
4 | contains an explicit "map box" which allows a user to select
5 | from a plurality of different mapping formats. In contrast,
6 | Figure 1 contains a depiction of how text may be scanned into
7 | a computer, have certain data extracted, and then have that
8 | extracted data displayed. Figure 1 contains none of the
9 | graphical representations that depict how a user would be able
10 | to view the relevant output. Nor does Figure 1 depict the use
11 | of a "map box" for selecting display options. At oral
12 | argument, plaintiff contended that though the '740 patent does
13 | not explicitly mention a "map box," it does disclose the use
14 | of a "display." However, it is uncontested that the '740
15 | patent does not disclose any of the controls, options, or
16 | menus that make the '809 "map box" a useful invention. The
17 | lack of specificity in the description of the '740 patent is
18 | ultimately fatal to plaintiff's claim for an earlier priority
19 | date.
20 | I find that plaintiff did not satisfy the written
21 | description requirement under Ariad and Lockwood in its '740
22 | patent to warrant a priority date earlier than the filing date
23 | of the '809 patent. As such, plaintiff's claims in the '809
24 | patent are invalid as anticipated under 35 U.S.C. § 102(b) by
25 | plaintiff's public demonstration at the TRLD demo. Adobe's
26 | motion for summary judgment is **GRANTED**. All claims of the
27 | '809 patent are invalid as anticipated. Because I have found
28 | the '809 patent to be invalid, I do not address whether Reader

1.0 anticipated the '282 patent.

Dated: June 7, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\TEXTSCAPE V. ADOBE SYSTEMS\MSJ ORD v 2.wpd