UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TEXTSCAPE LLC, a New Jersey Corporation,

   Plaintiff(s),

 v.

ADOBE SYSTEMS INC., a Delaware Corporation,

   Defendant(s).

No. C09-4550 BZ

**ORDER DENYING MOTION FOR ATTORNEY'S FEES**

  Having obtained summary judgment invalidating plaintiff's patent, Adobe has now moved for a finding that this is an exceptional case under 35 U.S.C. § 285, meriting an award of almost $400,000 in attorney's fees and costs.

  35 U.S.C. § 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."

> A case may be deemed exceptional when there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed.R.Civ.P.11 or like infractions . . . Absent misconduct in conduct of the litigation or

1

> in securing the patent, sanctions may be imposed against the patentee only if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless.
>
> \*\*\*
>
> There is presumption that the assertion of infringement of a duly granted patent is made in good faith.... Thus, the underlying improper conduct and the characterization of the case as exceptional must be established by clear and convincing evidence.... Even for an exceptional case, the decision to award attorney fees and the amount thereof are within the district court's sound discretion.

Brooks Furniture Manufacturing, Inc. v. Dutailier International, Inc., 393 F.3d 1378, 1381-2 (Fed. Cir. 2005) (citations omitted).

Defendant's arguments generally boil down to the assertion that since plaintiff or his counsel should have realized the patent would be declared invalid this lawsuit should not have been filed. While the Court ruled that the patent was invalid, the issue required substantial briefing and analysis such that the Court finds that the litigation was not objectively baseless. Nor does the Court find that plaintiff engaged in material inappropriate conduct related to the litigation. In fact, plaintiff cooperated with defendant in agreeing at the case management conference to permit the invalidity issue to be resolved by an early motion for summary judgment.

Adobe makes much of claimed inadequacies by plaintiff in providing discovery. Yet, Adobe never filed a discovery motion or sought Rule 37 sanctions. Had plaintiff been found to have not made timely discovery, a Rule 37 sanction, not a $400,000 fee award, might have been appropriate. Even had the claimed discovery, such as the 1996 TRLD demonstration, been

1  provided earlier, the Court would still have had to resolve
2  the anticipation issue.

3  Plaintiff's principal and the inventor of the patent in
4  dispute, David Middlebrook, submitted deposition testimony in
5  opposition to the motion for summary judgment.  Given the
6  personal circumstances that led him to invent the methods for
7  processing text which are the subject of the '809 patent, the
8  Court is satisfied that Mr. Middlebrook genuinely believes
9  that he is the aggrieved party.

10  On this record, the Court finds that Adobe has not met
11  its high burden of showing by clear and convincing evidence
12  that the lawsuit was brought or prosecuted in bad faith or
13  that it was objectively baseless.  See Media Queue, LLC v
14  Netflix, Inc. C9-1027, Doc. 226, (N.D.Cal. 2010).  For the
15  same reasons that the Court believes fees are not warranted
16  under § 285, the Court is not prepared to impose sanctions
17  under its inherent authority to control litigation abuse.
18  **IT IS THEREFORE ORDERED** that defendant's motion for attorney's
19  fees and costs is **DENIED**.  **IT IS FURTHER ORDERED** that
20  Defendant's motion to seal (Doc. No. 70) is **DENIED**.  Defendant
21  has cited no authority which states that billing records are
22  generally confidential and sealable.  Such records are
23  commonly analyzed in published opinions when courts determine
24  an award of attorney's fees.  The hearing scheduled for
25  **August 4, 2010 is VACATED.**
26  Dated: July 27, 2010
27  _____
   Bernard Zimmerman
   United States Magistrate Judge
28  G:\BZALL\-BZCASES\TEXTSCAPE V. ADOBE SYSTEMS\ORD DENYING DEFS MOT FOR FEES AND COSTS.wpd